JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 2:17-CV-4443-DSF (BFMx) |
| | ) | |
| Plaintiff, | ) | **CONSENT JUDGMENT OF FORFEITURE** |
| | ) | |
| v. | ) | |
| | ) | |
| ONE PAINTING ENTITLED "NATURE MORTE AU CRANE DE TAUREAU" BY PABLO PICASSO; ONE COLLAGE ENTITLED "REDMAN ONE" BY JEAN-MICHEL BASQUIAT; AND ONE PHOTOGRAPH ENTITLED "BOY WITH THE TOY HAND GRENADE" BY DIANE ARBUS, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**I.    INTRODUCTION**

1.    Plaintiff United States of America (the "Government") has made an Application (the "Application") for the entry of this Consent Judgment, which is dispositive of this action.

2.    Potential claimant Leonardo DiCaprio ("DiCaprio") has executed a declaration in this action ("DiCaprio Decl." or "Ex. A") confirming his consent to forfeit the Defendant Assets to the United States.  In this declaration, DiCaprio represented, among other things, that from the time he received the Defendant Assets as gifts

from Low Taek Jho ("Low") until the time he surrendered them to the United States in or around December 2018, he reasonably believed he was the "sole beneficial owner" of the Defendant Assets.  (Ex. A ¶ 5.)  DiCaprio further asserts that: (1) upon surrendering the Defendant Assets to the United States, he did not intend to "pursue any legal claim or defense" to the Defendant Assets or the present Action, that he has not since filed any claim; (2) he "agree[s] and consent[s] to the forfeiture of the Defendant Assets so that they, or their liquidated proceeds, if appropriate and authorized by law, may be returned and used for the benefit of the people of Malaysia"; (3) to the best of his knowledge, "no other persons or entities may assert any right or interest in any of the Defendant Assets"; and (4) "the allegations set out in the [Action], if assumed to be true, are sufficient to establish a basis for forfeiture of the Defendant Assets."  (*Id.* ¶¶ 4-6.)

3.    Separately, the United States has entered into an agreement with Low, certain members of Low's family, and certain entities authorized by a New Zealand-based trust to administer assets for the benefit of Low and his family members (collectively, the "Low Parties"), in the related case *United States v. Real Property Located in Paris, France Titled in the Name of Ave Raphael (Paris) SCI*, 20-CV-5911-DSF-BFMx (DN 81-1).  Under the terms of the 2024 Settlement Agreement, the Low Parties agreed to, among other things, (1) waive and relinquish any present or potential interests in, rights over, or claims to assets including the Defendant Assets in this Action and other actions listed in Appendix B to the 2024 Settlement Agreement (collectively, the "Appendix B Assets"), and (2) consent to the forfeiture of the Appendix B Assets before this Court.  (*Id.* at 2.)

The Low Parties further agreed that, for the purposes of consenting to the forfeiture of the Appendix B Assets, the Court has jurisdiction over this, and other actions listed in Appendix B. (*Id.*)  Additionally, the Low Parties agreed that, if assumed to be true, the allegations set forth in the complaints for the actions listed in Appendix B are sufficient to establish a basis for the forfeiture of the Appendix B Assets.  (*Id.*)

4.   The present action was commenced on June 15, 2017, against the Defendant Assets.  An amended complaint was filed on June 20, 2017.  On January 5, 2018, a Default by Clerk was entered.

**II.  FINDINGS**

5.   The Court, having considered the Application, the DiCaprio Decl., and the 2024 Settlement Agreement, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES, AND DECREES:

6.   For purposes of this Consent Judgment, this Court has jurisdiction over this action.  The government gave notice of this action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.  No claims to the Defendant Assets were filed, the time for filing claims has expired, and no potential claimant has moved for leave to file a late claim. Entry of this Consent Judgment will resolve all claims of all potential claimants with respect to the Defendant Assets and is dispositive of this action.  If assumed to be true, as the parties have stipulated, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Assets.

7.   Upon entry of this Consent Judgment, all right, title and interest of any potential claimant in and to the Defendant Assets

shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment.  The government shall dispose of the Defendant Assets according to law.

8.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Consent Judgment of Forfeiture.

IT IS SO ORDERED.

DATED:     July 22 2024                                                                      
                                    HON. DALE S. FISCHER
                                    UNITED STATES DISTRICT JUDGE

4